IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**Functional Government Initiative,**
6218 Georgia Avenue NW
Suite 1-1235
Washington, DC 20011-5125

    Plaintiff,

v.

**Federal Trade Commission**
600 Pennsylvania Avenue, NW
Washington, DC 20580

    Defendant.

**Civil Action No.**

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, the Declaratory Judgment Act, and 28 U.S.C. §§ 2201 and 2202, for injunctive, declaratory, and other appropriate relief. Plaintiff Functional Government Initiative ("FGI") challenges the failure of the Federal Trade Commission ("FTC") to disclose to FGI records that generally pertain to an investigation announced on November 29, 2021, regarding the meat and poultry industries and supply chains (the "Investigation"). The specific records sought are detailed below and include communications regarding the Investigation.

2. This case seeks declaratory relief that FTC is in violation of FOIA, 5 U.S.C. § 552(a)(6)(E), FTC's regulations, and 28 C.F.R. § 16.5(e), and for injunctive relief ordering FTC to immediately process and release to FGI the requested records in their entirety.

**Jurisdiction and Venue**

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(c)(i). This Court

also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

4. Plaintiff FGI is an unincorporated association of individuals dedicated to improving the American public's access to information about the officials, decisions, actions, and priorities of their government. *See* D.C. Code § 29-1102(5).

5. Defendant FTC is an independent agency of the United States government whose principal mission is the enforcement of civil antitrust law and the promotion of consumer protection. The FTC shares jurisdiction over federal civil antitrust enforcement with the Department of Justice Antitrust Division. FTC has possession and control of the requested records and is responsible for fulfilling FGI's FOIA request.

## Statutory and Regulatory Background

6. FOIA requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

7. An agency must notify a party making a FOIA request within 20 working days of the agency's determination and the reasons therefor and of the requester's right to appeal the determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

## Factual Background

8. On November 29, 2021, the FTC ordered nine large retailers, wholesalers, and consumer goods suppliers to provide information that the FTC stated would help the FTC shed light on the causes behind ongoing supply chain disruptions and the effect therefrom. *See* https://www.ftc.gov/news-events/news/press-releases/2021/11/ftc-launches-inquiry-supply-chain-disruptions (accessed on Feb. 6, 2023).

9. The FTC Notice regarding the investigation specifically referenced supply chain disruptions in the meat industry/market. *Id.*

10. Supply chain disruptions to the meat and poultry industries of the United States are of vital importance to the United States and its citizens. Effects of supply chain disruptions to those industries include potential negative effects on food security, food safety, national security, and independence from foreign adversaries. The American public should be able to judge the motivations behind the FTC's investigation and whether actions taken since the announcement have affected the supply chain for meat product by reviewing the records responsive to FGI's FOIA request.

**FOIA-2022-01402**

11. On August 6, 2022, FGI sent the subject FOIA request[1] to FTC's Office of General Counsel seeking records regarding the investigation of the meat and poultry industries and supply chains; all records of any FTC commissioner or their staff discussing action the FTC may take regarding the meat and poultry as a result of the Investigation or other investigation into these industries; all records of the responses from companies from the Investigation that referenced meat or poultry, including any analysis of the FTC of those responses; all records that referenced the four conglomerates in the meat and poultry industries (JBS, Tysons, Marfrig, and Seaboard); all records between the FTC and Members of Congress or congressional staff about the meat and poultry industries and supply chains; all records between the FTC and non-governmental organizations about FTC investigations and actions about meat and poultry; and all records discussing or replying to inquiries from the news media about FTC investigations and

---

[1] Attached hereto as Exhibit 1.

actions about meat and poultry. The subject FOIA request stated that it requested information from November 1, 2021, to the date FTC conducted its search.

12. FGI also sought a waiver of fees associated with processing its request and explained in its request that the requested records would be of primary benefit to the public interest and because the requested records contribute to the public's understanding of governmental operations or activities. *Id*.

13. On August 7, 2022, FGI received a response via email from the FTC FOIA Unit that its FOIA request had been received.[2]

14. On August 8, 2022, FGI received email notification that its email containing its FOIA request had been read.[3]

15. Having received no direct communication or documents for one month, on September 6, 2022, FGI asked via email for confirmation that its FOIA request had, in fact, been received and inquired as to whether it had been assigned a tracking number.[4]

16. The same day, FGI received a letter, via email,[5] from the FTC's Acting Assistant General Counsel, Kamay Lafalaise, indicating that it was unable to respond to the subject FOIA request within the statutory 20 business day deadline, and was implementing the allowed 20-day extension because of "the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request." That letter also referenced a tracking number of FOIA-2022-01402, the first time FGI was provided any tracking information for its FOIA request. *See id.*

---

[2] Attached hereto as Exhibit 2.

[3] Attached hereto as Exhibit 3.

[4] Attached hereto as Exhibit 4 (personal telephone number redacted).

[5] Attached hereto as Exhibit 5.

17. Having received no further communication or documents for more than four months, FGI asked, via email, on January 25, 2023, for an update as to the status of its FOIA request and when it would receive the subject records.[6]

18. As of the filing date of this Complaint, FGI has received no documents or further response from FTC regarding FOIA-2022-01402.

19. It is apparent that, without litigation, FTC will not produce the requested documents in a timeframe that allows for timely public disclosure regarding FTC's actions. Accordingly, FGI has now exhausted all applicable administrative remedies with respect to FOIA-2022-01402.

## PLAINTIFF'S CLAIM FOR RELIEF

### CLAIM ONE
### (Wrongful Withholding of Non-Exempt Records
### In Violation of FOIA by FTC, 5 U.S.C. § 552)

20. FGI repeats and re-alleges paragraphs 1-19.

21. FGI properly requested records within the custody and control of FTC and/or its subsidiary offices.

22. FTC failed to comply with the statutory time limits for making a determination on the FOIA request, and by withholding from disclosure records responsive to FGI's FOIA request to FTC.

23. FGI is therefore entitled to injunctive and declaratory relief with respect to the immediate processing and disclosure of the requested records.

### Requested Relief

WHEREFORE, FGI respectfully requests that this Court:

---

[6] Attached hereto as Exhibit 6 (personal telephone number redacted).

(1) Order defendant FTC to immediately and fully process Plaintiff FGI's August 6, 2022 FOIA request (FOIA-2022-01402) and disclose all non-exempt documents immediately to FGI;

(2) Issue a declaration that FGI is entitled to both immediate processing and disclosure of the requested records and indexes justifying the withholding of all or any portion of responsive records under claim of exemption;

(3) Retain jurisdiction of this action to ensure no agency records are wrongfully withheld; and

(4) Grant such other relief as this Court may deem just and proper.

Counsel for FGI further requests that the Court award reasonable attorneys' fees and other litigation costs incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E).

Dated: February 13, 2023         Respectfully submitted,

*/s/ Paul M. Bartkowski*
Paul M. Bartkowski
(D.C. Bar No. 482432)
BARTKOWSKI PLLC
6803 Whittier Ave., Suite 200A
McLean, VA 22101
Telephone: (571) 533-3581
E-Mail: pbartkowski@bartkowskipllc.com

*Counsel for Functional Government Initiative*